NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RICARDO CUCUNUBO PEREZ; YULI ANDREA MEDINA GONZALEZ; CHRISTIAN RICHARD CUCUNUBO MEDINA; NICOL ANDREA CUCUNUBO MEDINA; MARIA ALEJANDRA CUCUNUBO MEDINA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2428 <br><br> Agency Nos. <br> A240-647-960 <br> A246-561-845 <br> A220-487-046 <br> A240-640-402 <br> A246-561-846 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025[**]
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jeremy D. Kernodle, United States District Judge for the Eastern District of Texas, sitting by designation.

Petitioners are natives and citizens of Colombia: Jose Ricardo Cucunubo Perez is the lead petitioner, Yuli is his partner, and their children are Nicol, Christian, and Maria. They petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As explained below, we have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA dismissed an appeal, agreed with several of the IJ's findings, and added its own reasoning, we review the decisions of both the BIA and the IJ to the extent that the BIA agreed with the IJ's conclusions." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (cleaned up). Factual findings by the BIA are reviewed for substantial evidence and "'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). While Petitioners raise several arguments that the BIA did not address, "[o]ur review is limited to those grounds explicitly relied upon by the [BIA]." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

1. Substantial evidence supports the BIA's conclusion that Petitioners failed to establish a nexus between their persecution and their political opinion. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (discussing the nexus

requirements for asylum and withholding of removal claims). Petitioners claim that their sole protected ground is their political opinion of opposing the relationship between the Colombian government and militia groups known as the Revolutionary Armed Forces and the National Liberation Army. But the IJ did not err in finding that little evidence tied the individuals who extorted and threatened Petitioners to any of those groups. In fact, the record reflects these were criminals motivated by monetary gain, not Petitioners' political opinion. The IJ and BIA therefore correctly found that Petitioners feared only general criminality, which is not a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because Petitioners failed to show the required nexus between their threats and extortion and a protected ground, they are not eligible for asylum or withholding of removal. *See id.* (ineligible for asylum); *Singh*, 935 F.3d at 827 (ineligible for withholding of removal).

2.   Regarding Petitioners' CAT claim, substantial evidence supports the IJ's and BIA's finding that Petitioners failed to prove government consent or acquiescence in any claimed torture. *See* 8 C.F.R § 208.18(a)(1). Petitioners contended that the police were unhelpful and that Yuli had received an anonymous note warning her that the "police work along with them." But "[e]vidence that the

police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). In other words, an "inability to solve a crime" based on insufficient information does not mean that the government acquiesced in the conduct. *Id.* And despite Yuli's claim that the police worked "along with them," the country report provided by Petitioners noted that the Colombian government "generally investigated . . . and prosecuted" cases of police collusion with such groups. Therefore, Petitioners are not eligible for protection under CAT.

**PETITION DENIED.**